UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Edin Gacevic, <br><br> *Plaintiff*, <br><br> -against- <br><br> Vima Property Group Inc.; 131st Street Realty LLC; JJS Realty Management Corp.; John Sisamanoglou; and Victor Sisamanoglou; <br><br> *Defendants*. | Case No. <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff Edin Gacevic, ("Plaintiff"), brings this action for damages and other legal and equitable relief against defendants Vima Property Group Inc.; 131st Street Realty LLC; JJS Realty Management Corp.; John Sisamanoglou; and Victor Sisamanoglou, (collectively, the "Defendants"), upon personal knowledge as to himself and upon information and belief as to others, for violations of Fair Labor Standards Act ("FLSA"), New York State Labor Law ("NYLL"), and any other causes of action that can be inferred from the facts set forth herein:

## NATURE OF THE ACTION

1. This action is brought to recover (1) unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.; (2) unpaid minimum wages pursuant to New York Labor Law ("NYLL") § 190 and N.Y. Comp. Codes R. & Regs. tit. 12 § 141; (3) statutory damages as a result of failure to provide required wage notices and statements pursuant to NYLL § 195 and 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") § 146-2.2 and 2.3; (4) damages of failure to pay Plaintiff wages within seven calendar days after the end of the week in which the wages were earned, pursuant to NYLL § 191; (5) attorneys' fees and costs; and (6) prejudgment and postjudgment interests.

2. Plaintiff is a building superintendent who worked for Defendants from June 14, 2011 to around July 2023.

3. During Plaintiff's employment, he worked at the residential multifamily properties located at 2142 Fifth Ave., 1-3, 5, 19, & 23 West 131st St, New York, NY 10037. The premises consist of 49 apartments. Upon information and belief, the Entity Defendants, Vima Property Group Inc.; 131st Street Realty LLC; JJS Realty Management Corp (collectively, the "Entity Defendants"), owns and operates the premises and Plaintiff received his paychecks issued by the Entity Defendants.

4. The Entity Defendants are properly in the same action give the common nexus of facts and law as they relate to whether Plaintiff was paid proper wages for hour worked performing building maintenance and other duties at the residential multifamily properties located at 2142 Fifth Ave., 1-3, 5, 19, & 23 West 131st St, New York, NY 10037.

5. Throughout the course of his employment, Plaintiff regularly worked as many as seven days and well over 40 hours each week, including the requirement that he be on call 24 hours a day, seven days a week to deal with any issues that arose in residential multifamily properties owned by Defendants.

6. At no point during the employment did Defendants and Plaintiff come to an agreement concerning the payment overtime premium.

7. Throughout the course of the employment Defendant was paid a fixed bi-weekly rate that failed to pay him proper overtime premium under the FLSA, and failed to meet the minimum due under 12 N.Y.C.R.R. § 141-1.2.

8. At all relevant times, Defendants have compensated Plaintiffs on a bi-weekly

basis. Despite being manual workers, Defendants have failed to properly pay Plaintiff his wages within seven calendar days after the end of the week in which these wages were earned.

9. Defendants have not obtained any variance or other permission from New York State to pay manual workers less frequently than weekly.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

11. Defendants are subject to personal jurisdiction in New York as they do business in New York.

12. Venue is proper in the Southern District of New York pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

13. The relevant statutory period under the FLSA is three years preceding the date of the filing of this Complaint, and under the NYLL is six years preceding the date of the filing of this Complaint.

14. The applicable statutes of limitations for filing any or all of the claims herein shall be expanded to account as a matter of law by virtue of Governor Cuomo's March 20, 2020 executive order, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), and all subsequent and similar order, including but not limited to, Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, 202.67, and 202.72.

**THE PARTIES**

15. Plaintiff is an adult, over eighteen years old, a citizen of New York State and resides in New York County, New York.

16. At all relevant times, Plaintiff is a covered individual within the meaning of the FLSA, U.S.C. §§ 206(a) and (207(a), and NYLL §§ 190(2) and 651(5).

17. Defendant Vima Property Group Inc., is a domestic business corporation, organized and existing under the laws of the State of New York. According to the most recent records available from the New York State Department of State. Defendant Vima Property Group Inc., lists for itself a service of process address as follows: 48-02 25TH AVE, ASTORIA, NY, UNITED STATES, 11103. Vima Property Group Inc. is a corporation operating in the residential and nonresidential building business industry.

18. Defendant 131st Street Realty LLC, is a domestic limited liability company, organized and existing under the laws of the State of New York. According to the most recent records available from the New York State Department of State. Defendant 131st Street Realty LLC, lists for itself a service of process address as follows: JOHN SISMANOGLOU, 48-02 25 AVE, SUITE 311, ASTORIA, NY, UNITED STATES, 11103.

19. Defendant JJS Realty Management Corp., is a domestic business corporation, organized and existing under the laws of the State of New York. According to the most recent records available from the New York State Department of State. Defendant JJS Realty Management Corp., lists for itself a service of process address as follows: 48-02 25TH AVENUE STE 403, ASTORIA, NY, UNITED STATES, 11103.

20. The Individual Defendant John Sisamanoglou and Victor Sisamanoglou are adult

individuals who at all relevant times was and is the owner or operator or manager of Entity Defendants.

21. Upon information and belief, John Sisamanoglou and Victor Sisamanoglou employed Plaintiff and had the power to hire and fire him, supervised and controlled his work schedules and the conditions of his employment, determined the rate and method of their payment, and maintained his employment records.

22. Upon information and belief, the Individual Defendants John Sisamanoglou and Victor Sisamanoglou directed various other individuals to create a policy of not paying superintendents properly, and to ensure the viability of that policy, they also directed individuals to follow a policy of not providing notices as required under the Fair Labor Standards Act.

23. Upon information and belief, Plaintiff was employed in an enterprise that had employees selling, handling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce and has gross revenue of more than $500,000.00.

24. Upon information and belief, at all relevant times, Defendants employed Plaintiff and had the power to hire and fire him, supervised and controlled his work schedules and the conditions of his employment, determined the rate and method of their payment, and maintained his employment records.

25. Upon information and belief, Plaintiff worked on the premises and used equipment owned by different Defendants than those by whom they were formally controlled.

26. Upon information and belief, Plaintiff performed a discrete job that is integral to all Defendants' businesses.

27. Upon information and belief, Defendants were employers of Plaintiff within the

meaning of the FLSA, 29 USC § 203(d), and NYLL § 190(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

28. On June 14, 2011, Plaintiff started working for Defendants as the superintendent of the residential multifamily properties located at 2142 Fifth Ave., 1-3, 5, 19, & 23 West 131st St, New York, NY 10037.

29. The premises consist of 49 apartments and Plaintiff was the only superintendent on site for the 49-units premises.

30. In or about July 2023, Defendants terminated Plaintiff.

31. As a condition of his employment, Plaintiff was provided an apartment to live in the premises. He lived there for the primary purpose of being available to provide services on a 24-hour basis.

32. Plaintiff's job duties consisted of cleaning the public hallways, stairs, and lobby, disposing garbage, daily sweeping the building front and sidewalk, cleaning all courtyard and exterior passageway, cleaning glass in lobby's door, checking the building roof drain boxes, performing repair work.

33. During his employment Plaintiff regularly worked seven days a week, in excess of 40 hours per week, including the requirement that he be on call 24 hours a day, seven days a week to deal with any issues that arise in his work location, without receiving minimum wages and/or overtime pay as required by law.

34. Plaintiff would work from 7 am to 5 pm, Monday to Friday, and 7 am to 12 pm, Saturday to Sunday, just to get his assigned duties completed, or at least 60 hours per week.

35. Based on his best recollection, he started at about $1,200 per month at the

beginning of his employment. Later, he received a few raises. Starting from about 2017 until his termination in 2023, Plaintiff was paid at a bi-weekly rate of about $841.50. He was paid bi-weekly.

36. Plaintiff received additional compensation on an ad hoc basis at the whim of Defendants. At no point did Plaintiff and Defendants ever reach any agreement concerning overtime premium. At no point did Defendants discuss with Plaintiff the requirement to pay overtime.

37. All work performed by Plaintiff was for the benefit of Defendants and in furtherance of their enterprise which is owning and managing residential real estate in New York City.

38. During his employment, Plaintiff was never provided any wage notices or wage statements.

39. Defendants did not track hours, nor did they discuss with Plaintiff how many hours he was required to work. Instead, Plaintiff was required to get all of the work done, and was on-call 24 hours a day, seven days a week to attend to emergency repairs requested by tenants who occupied the premises' 49 units.

40. In practice, Plaintiff had to routinely work seven days per week and well over 40 hours a week to complete all of his assigned duties and respond to all tenant emergencies.

41. During his employment, Plaintiff worked an average of 60 hours per week, including the requirement that he be on call 24 hours a day, seven days a week to deal with any issues that arise in his respective work location, without receiving minimum wages and or overtime pay as required by law.

42. Defendants failed to pay Plaintiff minimum wages as required by N.Y. Comp. Codes R. & Regs. tit. 12 § 141.

43. Defendants failed to pay Plaintiff overtime pay for hours worked more than 40 per week as required by FLSA.

44. Plaintiff was never informed of New York or federal overtime rules and regulations.

45. Defendants failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by both the NYLL and the FLSA.

46. Defendants failed to provide Plaintiff with accurate wage statements on each payday containing specific categories of information, as required by NYLL.

47. Defendants failed to provide Plaintiff with wage notice(s) at the time of hiring and/or on an annual basis containing specific categories of information as required by NYLL.

48. Defendants failed to keep payroll records as required by both NYLL and the FLSA.

49. Despite being manual workers, Defendants have failed to properly pay Plaintiff his wages within seven calendar days after the end of the week in which these wages were earned.

50. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

## STATEMENT OF CLAIMS

### COUNT I: FLSA – FAILURE TO PAY OVERTIME WAGES

51. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

52. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53. Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

55. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00.

56. Plaintiff was entitled to be paid at the regular rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

57. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

58. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(l) and 215(a).

59. Defendants knowingly and willfully disregarded the provisions of the FLSA as

evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

60. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 21 l(c) and 215(a).

61. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

62. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

63. Due to the reckless, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

64. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II: NYLL – FAILURE TO PAY MINIMUM WAGES**

65. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

66. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

67. Pursuant to Part 141, Building Service Industry Wage Order, Defendants were required to pay Plaintiff a unit rate based on the number of units for which he was a resident or nonresident janitor.

68. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff his minimum wages.

69. NYLL 191(1) defines "Wages" as follows: "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission, or other basis (NYLL § 190 [1]).

70. Defendants failed to pay Plaintiff his wages earned, throughout the relevant time period because he was paid below the minimum wage as required by the NYLL.

71. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, the difference between the wages paid and the wages that would have been owed pursuant to the minimums established by minimum wage and overtime, together with maximum liquidated damages, reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

**COUNT III: NYLL – FAILURE TO PROVIDE ANNUAL WAGE NOTICE AND PERIODIC WAGE STATEMENTS**

72. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

73. Pursuant to NYLL 195(1)(a), every employer is required to:

> provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one if this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

74. Defendants knowingly failed to comply with this provision by failing to provide Plaintiff with any kind of notice at the time of hiring or annually, whatsoever, let alone a notice meeting the requirements laid out in Section 195(1)(a).

75. NYLL § 198(1)(b) provides that any employee not provided such notice may collect damages for $50.00 for each work day that the violation occurred or continued to occur, up to a total of $5,000.00 per employee (together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief).

76. During the course of Plaintiff's employment, Defendants consistently and willfully failed to provide him with adequate annual notices as required by New York Labor Law.

77. Defendants are therefore liable to Plaintiff in the amount of $5,000.00, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

78. Pursuant to NYLL § 195(3), every employer is required to:

furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances; if any, claimed as part of the minimum wage; and net wages.

79. Defendants knowingly failed to comply with this provision by failing to provide Plaintiff with wage statements meeting the requirements laid out in $ 105.

80. NYLL § 198(1)(d) provides that any employee not provided appropriate wage statements may collect damage of $250.00 for each work day that the violation occurred or continued to occur, up to a total of $5,000.00 per employee (together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief).

81. During the course of Plaintiff's employment, Defendants consistently and willfully failed to provide him with adequate wage statements as required by New York Labor Law.

82. Defendants are therefore liable to Plaintiff in the amount of $5,000.00, plus reasonable attorney's fees and costs and any other relief appropriate pursuant to NYLL § 198.

### COUNT IV: NYLL – FAILURE TO PAY TIMELY WAGES

83. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

84. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff.

85. Despite being manual workers, Defendants have failed to properly pay Plaintiff his wages within seven calendar days after the end of the week in which these wages were earned as required by NYLL § 191(1)(a).

86. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendant the amount of his untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Edin Gacevic, individually, respectfully requests that this Court grant

the following relief:

A. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, the New York Labor Law, and its regulations;

B. Awarding Plaintiff unpaid minimum wages and overtime wages and an equivalent amount in liquidated damages;

C. Awarding Plaintiff statutory penalties as a result of Defendants' failure to provide wage notice and wage statement;

D. Awarding Plaintiff liquidated damages as a result of Defendants' failure to pay Plaintiff timely wages;

E. Prejudgment and post-judgment interest;

F. Reasonable attorneys' fees and costs of the action; and

G. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Pursuant to FRCP 38, Plaintiff demands trial by jury on all issues.

Dated: May 8, 2024
       New York, New York

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
Law Office of Mohammed Gangat
675 Third Avenue, Suite 1810
New York, NY 10017
(718) 669-0714
mgangat@gangatllc.com
*Attorneys for Plaintiff*